STUART SEABORN (CA BAR NO. 198590)
MEREDITH WEAVER (CA BAR NO. 299328)
Disability Rights Advocates
2001 Center Street, Fourth Floor
Berkeley, California 94704-1204
Telephone:      (510) 665-8644
Facsimile:      (510) 665-8511
sseaborn@dralegal.org
mweaver@dralegal.org

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| Marco SALSICCIA, Scott BLANKS, and other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>SHARKS SPORTS & ENTERTAINMENT, LLC, the CITY OF SAN JOSE, and the SAN JOSE ARENA AUTHORITY,<br><br>Defendants. | **COMPLAINT**<br><br>**CLASS ACTION – Titles II & III of the Americans with Disabilities Act; California's Unruh Act**<br><br>**INDIVIDUAL ACTION – California's Disabled Persons Act** |

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

## **INTRODUCTION**

1.      Plaintiff Marco Salsiccia has been a San Jose Sharks fan ever since the team's inaugural season in 1991 and is currently a season-ticket holder.  When he lost his vision suddenly in 2014, he feared that attending hockey games would no longer be enjoyable, but he found that by going to the SAP Center with a radio, he could listen to the stadium's live, no-delay radio feed and follow the game at the same pace as all the other fans in attendance. Regrettably, Mr. Salsiccia and other blind hockey fans, including Plaintiff Scott Blanks, have not been able to participate in the complete fan experience that sighted fans enjoy because the San Jose Sharks + SAP Center mobile application—a key digital piece of fans' interaction with the stadium and the team—is ubiquitously inaccessible via the assistive technology, called screen readers, that blind individuals use to access such services.

2.      The San Jose Sharks + SAP Center mobile application ("the Sharks + SAP Center App") is a digital hub for fans of the San Jose Sharks—a National Hockey League ("NHL") franchise located in San Jose California—to buy, sell, and access game tickets; get real-time game statistics, player stats, and box score; participate in games and contests for the chance to win prizes; get the latest news, video, photos, podcasts and team information; select and buy merchandise for in-stadium pick-up; and much more. The Sharks + SAP Center App provides similar benefits to San Jose Barracuda fans and those visiting the SAP Center or Solar4America Ice at San Jose.

3.      In stark contrast to the benefits the Sharks + SAP App offers sighted fans, the App provides blind fans with a second-class experience.  Indeed, pervasive accessibility barriers render using the Sharks + SAP Center App via a screen reader so frustrating that individuals who are blind may reasonably give up, and in certain cases these barriers completely preclude screen-reader users from accessing functions that are available to sighted users.

4.      Plaintiffs Marco Salsiccia and Scott Blanks cannot access any of the Sharks + SAP App's features regarding the SAP Center, Solar4America Ice, or the San Jose Barracuda.  In attempting to access features related to the Sharks, they are stymied by countless unlabeled and mislabeled elements, including the button to access the app's central ticket management feature,

---

*Salsiccia et al. v. Sharks Sports & Entertainment, LLC et al.*
**Complaint**                                                                                          1

1   which reads as "header loyalty icon button" on a screen-reader; as a result, they must guess-and-

2   check (and backtrack) over and over to obtain the desired service.  And when they try to

3   backtrack, they encounter pages where there is no recognized button to return to the previous

4   page or the home page, so they must close out of the application entirely, reopen it, and again try

5   to navigate through vague descriptions to get to the features that everyone else enjoys efficiently.

6       5.      The net result of these pervasive accessibility barriers is the exclusion of blind

7   fans from participation in the full fan experience that is afforded to sighted hockey fans through

8   the Sharks + SAP Center App.  This exclusion violates the Americans with Disabilities Act and

9   California state disability access laws.

10      6.      Plaintiff Salsiccia notified Defendant Sharks Sports & Entertainment, LLC

11  ("Sharks LLC") of these pervasive access barriers approximately three years ago, and Named

12  Plaintiffs made multiple attempts resolve this matter without a lawsuit. However, Named

13  Plaintiffs were unable to obtain a commitment from the Sharks to remediate the demonstrated

14  accessibility barriers in a timely manner and to implement procedures sufficient to maintain

15  accessibility moving forward.  Named Plaintiffs were thus faced with no choice but to pursue

16  their legal remedies in court.

17                      **JURISDICTION AND VENUE**

18      7.      This action is brought pursuant to the Americans with Disabilities Act ("ADA"),

19  42 U.S.C. § 12132 *et seq.* and § 12182, *et seq.*; the Unruh Civil Rights Act, Cal. Civ. Code § 51,

20  *et seq*; and California Disabled Persons Act ("CDPA"), Cal. Civ. Code, § 54 *et seq.*

21      8.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 for

22  Plaintiffs' claims arising under the ADA. This Court has supplemental jurisdiction pursuant to 28

23  U.S.C. § 1367(a) for claims arising under the Unruh Civil Rights Act, and the CDPA.

24      9.      Venue is proper in the Northern District of California pursuant to 28 U.S.C.

25  § 1391(b), because: (1) the Sharks, the City of San Jose, and the San Jose Arena Authority are

26  located in this District, and (2) a substantial part of the events or omissions giving rise to

27  Plaintiffs' claims occurred within this District.

28

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

10.    A substantial part of the events or omissions which give rise to this claim occurred and are occurring in Santa Clara County, therefore this action should be assigned to the San Jose Division pursuant to the Northern District of California Civil Local Rules 3-2(c), (e).

### PARTIES

11.    Plaintiff Marco Salsiccia is a Sharks season ticket holder who resides in San Francisco, California.  In 2014, he lost his vision following a retinal arterial occlusion.  For approximately three years, Mr. Salsiccia has been notifying the Sharks of accessibility barriers within the Sharks + SAP Center App that preclude him from equal enjoyment of this service.

12.    Plaintiff Scott Blanks is a hockey fan who is blind.  He resides in Oakland, California and occasionally attends San Jose Sharks hockey games at the SAP Center.  He likes to keep up with the Sharks and follow highlights but has encountered so many barriers on the Sharks + SAP Center App that he does not regularly use it.

13.    Defendant Sharks Sports & Entertainment, LLC ("Sharks LLC") is a Delaware company with headquarters in San Jose, California.  Sharks LLC owns and operates the San Jose Sharks, an NHL franchise; and the San Jose Barracuda, an American Hockey League franchise. Sharks LLC operates the SAP Center and Solar4America Ice.  The services available through the Sharks + SAP Center App are among the benefits that Sharks LLC offers to the public.

14.    Defendant City of San Jose ("the City") owns the SAP Center and Solar4America Ice at San Jose, both of which are located in San Jose, California.  The SAP Center is an arena that hosts more than 40 San Jose Sharks regular season home games every year along with dozens of other sporting and non-sporting events.  Solar4America Ice at San Jose ("Solar4America Ice") is a public ice facility that features the training and administrative facilities for the San Jose Sharks and the San Jose Barracuda, four ice rinks, a full-service restaurant, player locker rooms, a conference room, and an open area for public and family events.  The services available through the Sharks + SAP Center App are among the benefits

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1  provided to the public through the City's SAP Center and Solar4America Ice programs, services,

2  and activities.

3        15.    Defendant San Jose Arena Authority ("SJAA") is a nonprofit, public benefit

4  corporation that was created by a resolution of the San Jose City Council.  SJAA has

5  administrative oversight of the SAP Center and Solar4America.  SJAA consists of a nineteen-

6  member Mayor-appointed Board of Directors that is supported by an executive staff.  On behalf

7  of the City, SJAA provides administrative oversight for the management and operation of the

8  sports facilities and serves as community liaison for facility-related programs and operations.

9  The services available through the Sharks + SAP Center App are among the benefits provided to

10 the public through the SJAA's SAP Center and Solar4America Ice programs, services, and

11 activities.

12                         **FACTUAL ALLEGATIONS**

13       16.    In June 1988, San Jose citizens voted to allocate public funds to acquire and

14 construct an arena in downtown San Jose for entertainment and sporting events.

15       17.    The San Jose Sharks moved from their temporary home at Cow Palace in Daly

16 City to the newly opened San Jose Arena for the 1993-94 NHL season.

17       18.    In June 2013, SAP, a German software company, purchased the naming rights to

18 the arena.

19       19.    Over the past ten years, the SAP Center's economic impact on the City of San

20 Jose has been almost $4 billion.[1]

21      *The San Jose Sharks + SAP Center App Offers Various Benefits and Services to the Public*

22       20.    In 2013, Sharks LLC released the first version of its iOS mobile application, with

23 content limited to the San Jose Sharks NHL franchise.

24       21.    In 2018 the San Jose Sharks application became the San Jose Sharks + SAP

25 Center App.

26

27

28 [1] Press Release, SAP Center at San Jose, SAP Center at San Jose Ranked as #1 Bay Area Venue, #12 in North America by *Pollstar Magazine* (Jan. 9, 2019), *available at* http://sanjoseca.gov/DocumentCenter/View/82216.

22.     The Sharks + SAP Center App is a product and service offered to Sharks and Barracuda fans and other individuals attending events at the SAP Center and Solar4America Ice facilities including Solar4America Ice at San Jose.

23.     The Sharks + SAP Center App contains four separate environments—San Jose Sharks, San Jose Barracuda, SAP Center, and Solar4America Ice & OIC—each of which is a stand-alone environment within the app that offers content and services specifically related to the selected property or team.

24.     The Sharks + SAP Center App defaults to the San Jose Sharks environment upon download.

25.     The Sharks + SAP Center App's San Jose Sharks environment offers the following content and services, among others:

a)     A social media feed that shows chronological media posts including but not limited to game footage, behind-the-scenes interviews with players, and fan photos.  The media feed can be filtered to show only news, video, photo, or audio entries.

b)     A ticket management platform where individuals can view, sell, or share their tickets to any Sharks game.  The Sharks encourage using the Sharks + SAP Center App's digital ticketing function for convenient management of tickets; "[r]educed risk of lost, stolen, or forgotten tickets"; "[q]uick and easy mobile entry" into the stadium; and "environmental friendliness."[2]

c)     The ability to purchase tickets to a game and upgrade seats on the day of a game.

d)     A game schedule that shows past and future games in a calendar layout. For each game, the calendar shows the opponent and whether the match is at home or away.  For past games, the calendar also shows the final score. For future games, the calendar shows the start time.

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

---

[2] *Digital Ticketing Guide*, SAN JOSE SHARKS, https://www.nhl.com/sharks/tickets/digital-ticketing (last visited Mar. 25, 2019).

1    e)    General information about the SAP Center, including a map of each

2  concourse that provides the locations of vendors, restrooms, Guest Services, wheelchair

3  accessible seating, and other points of interest within the stadium.

4    f)    A chatbot where users can enter a question and receive a prompt answer.

5    g)    Team information including the roster, player positions and stats, and

6  league standings.

7    h)    Access to games and contests that take place during hockey games where

8  users can win prizes such as a signed puck or a discount at the Sharks store.

9    i)    The ability to order food and merchandise from one's seat during a game

10  for pick-up at a particular in-stadium vendor.  For fans sitting in certain sections, the Sharks +

11  SAP Center App provides the ability to order food for in-seat delivery.

12    26.    The Sharks + SAP Center App's San Jose Barracuda environment offers content

13  and services similar to the San Jose Sharks environment including but not limited to social

14  media, a game schedule, ticket management, team information, and games and prizes.

15    27.    The Sharks + SAP Center App's SAP Center environment offers products and

16  services including but not limited to: an event schedule, ticket management, arena information,

17  news alerts, and ticket presales.

18    28.    The Sharks + SAP Center App's Solar4America Ice & OIC environment offers

19  products and services including but not limited to: an event schedule, hockey league standing

20  and stats, venue maps, customer information for three ice facilities, and news alerts.

21  *Fans Who are Blind are Precluded from Accessing Benefits and Services on the Sharks + SAP*

22  *Center App*

23    29.    To access products and services provided through mobile applications, individuals

24  who are blind use screen reading software—assistive technology that interacts with the app's

25  digital elements, such as images, text, buttons, links, headings, etc., and converts that

26  information into audible synthesized speech or outputs that information on a digital braille

27  display.

28    30.    Screen readers are integrated into both the iOS and Android operating systems.

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

31.    The screen reader integrated into iOS is called VoiceOver.[3]

32.    The screen reader integrated into Android is called TalkBack.[4]

33.    Screen readers allow mobile-device users to interact with applications through gestures such as swipes and taps that do not depend on visual acuity.  For instance, using VoiceOver with a properly coded application, a user can touch or drag their finger around the screen to hear what is there, tap a button to hear a description, double-tap to select a button, or flick left and right to move from one element to the next.

34.    Third-party applications on iOS and Android can be developed so that they are compatible with these built-in screen readers.[5]

35.    Developing for compatibility involves steps like adding accessibility information to an application's user interface elements, grouping elements so that they are read in the correct order, including descriptive text for changes in state such as option selection.

36.    Defendants did not ensure that the Sharks + SAP Center App was designed for compatibility with built-in screen readers, and as a result it contains myriad access barriers that prevent full use by persons who are blind and use screen-reading software, including Plaintiffs Marco Salsiccia and Scott Blanks.

37.    These access barriers include but are not limited to:

a)    **Hidden buttons preclude blind users access to functions that are available to sighted users.**  Many buttons lack the necessary accessibility information to be recognized by screen-reading software and are therefore completely inaccessible to a screen-reader user.  The associated features and functions of the Sharks + SAP Center App are unavailable via screen reader. Examples include:

---

[3] *See Vision Accessibility - iPhone*, ACCESSIBILITY, https://www.apple.com/accessibility/iphone/vision/ (last visited Mar. 25, 2019).

[4] *See* Google, *Get started on Android with TalkBack*, ANDROID ACCESSIBILITY HELP, https://support.google.com/accessibility/android/answer/6283677?hl=en (last visited Mar. 25, 2019).

[5] *See Accessibility on iOS*, APPLE DEVELOPER, https://developer.apple.com/accessibility/ios/ (last visited Mar. 25, 2019) (providing guidance to third-party developers on how to integrate accessibility into development); *Accessibility Overview*, ANDROID DEVELOPERS, https://developer.android.com/guide/topics/ui/accessibility (last visited Mar. 25, 2019) (same).

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

i)      In the Android App, the Menu buttons are hidden from or otherwise not recognized by TalkBack due to the lack of accessibility features.  This precludes blind users from all services and functionalities other than the San Jose Sharks Media page—the default page upon initially opening the application—and the ticket management page, which can be accessed by a link on the Media page.  Thus, blind users have no access to the Schedule, Arena, Team, or More pages within the San Jose Sharks environment.  The More page is where a sighted user can access the three other environments, along with a message center, preferences, profile details, payment method information, FAQs, a photo contest for the opportunity to win an autographed sign and travel vouchers on Alaska Airlines, and the Sharks + SAP Center App's privacy policy.  Individuals who are blind and use TalkBack are precluded from *all* of these services and benefits.

ii)      Upon download, the Sharks + SAP Center App automatically opens within the San Jose Sharks environment.  In the iOS App, the buttons to access the three other environments for the Barracuda, SAP Center, and Solar4America Ice, are hidden from or otherwise not recognized by VoiceOver due to the lack of accessibility features.  Individuals who are blind and use VoiceOver cannot access any of the benefits or services related to the SAP Center, the San Jose Barracuda, or Solar4America Ice & OIC, which are available to sighted individuals.  Because these buttons are hidden, Plaintiffs' independent interactions with the Sharks + SAP Center App provided no indication that these environments or the services therein were available.  Plaintiffs would like to use these services and benefits.

iii)      On some pages within the iOS App, the "Back" button is hidden from VoiceOver.  To return to the previous page, Plaintiffs Salsiccia and Blanks and other individuals who are blind must either close the Sharks + SAP Center App entirely, reopen, and re-navigate to the desired page or hunt for a navigation button by tapping at the bottom of the page—a feature that is not always present.

iv)      The iOS App's media feed is automatically presented as a scrolling feed of all available media entries.  Sighted users can filter this feed using buttons on a tab bar; these tab buttons are completely hidden from VoiceOver users.  Instead, Plaintiffs scroll through

1   the seemingly endless list of entries that are also not correctly distinguished or described such

2   that it is difficult to determine what kind of media each entry is.

3          b)      **Hidden pop-ups preclude blind users access to functions that are**

4   **available to sighted users.** On game days, the Sharks + SAP Center App will send a push

5   notification to invite fans to guess which player will score first for the opportunity to win a

6   signed puck. Upon clicking the push notification, a pop-up screen leads the user to the contest

7   screen.  However, VoiceOver users are precluded from independent participation in this game-

8   day activity because the contest screen is hidden the screen reader.  To participate in this contest,

9   Mr. Salsiccia has resorted to handing his phone to a sighted individual to have them enter his

10  guess.  In addition to Mr. Salsiccia's right of freedom from discrimination, this result infringes

11  on his privacy and risks the security of his mobile device.

12         c)      **Exclusively visual content and incomprehensible interface elements**

13  **preclude blind users access to the Schedule feature.** The Sharks + SAP Center App's

14  "Schedule" page provides the team's game schedule laid out visually in a calendar format.

15  However, the calendrical context of the information on this page is completely missing via

16  screen reader on either iOS or Android.  When coded appropriately, a screen reader should

17  interact with the table in a way that suggests the information is in a calendar; the Sharks + SAP

18  Center App does not provide such contextual interaction.  Instead, the page is coded in such a

19  way that Plaintiffs have difficulty identifying which month is displayed and text is read verbatim

20  in an illogical way (e.g. "Thur", read phonetically as "tur", instead of "Thursday"), content is not

21  grouped so that information is read by date, scrolling through the calendar does not result in a

22  comprehensible monthly progression, and links to prior or subsequent months are mislabeled.  In

23  addition, unlike sighted users, Plaintiffs are unable to identify whether each game is home or

24  away because this information is presented in a purely visual format—e.g. the color of the

25  calendar date cell—that is not announced to screen-reader users.  Because the calendar feature is

26  not accessible Plaintiffs are unable to utilize this benefit to gather information or assist in

27  planning their own schedules.

28

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

d)   **Failure to announce entered information, status changes, and pop-ups impedes blind users' ability to take advantage of the Sharks + SAP Center App's services.**

i)   On the Media page in the Android App, if a TalkBack user selects an entry, there is frequently no indication when the screen changes to show the selected media content.  In this case, a person who is blind may think that the app is failing to load and only find the content if they try to swipe for the next element on the page.

ii)   When someone wants to sell a match ticket through the Sharks + SAP Center App, they must type in the asking price using an in-app keypad. While a sighted individual can simultaneously see what amount they have entered, the iOS App does not announce the entered amount via VoiceOver. This experience has caused Plaintiff Salsiccia significant frustration, as he must swipe all the way back through the keypad to reach the element that displays the total in order to verify that he has entered the desired amount.  If Defendants had used iOS's native keyboard, which is compatible with VoiceOver, this would not be a problem.

iii)   If a VoiceOver user seeks to utilize the iOS App's chat bot to ask a question, the Sharks + SAP Center App neither automatically reads the response nor announces that an answer to the question is provided somewhere on the page.

iv)   When attempting to purchase tickets through the Sharks + SAP Center App, the buyer is redirected to a separate mobile application—Ticketmaster to select and complete the purchase. A sighted person can see that the new app is launching, but there is no announcement to VoiceOver users.  This is problematic for a number of reasons, including that the user might not understand with which entity they have entered into a contractual relationship upon purchase.

e)   **Lack of adequate structure, grouping, reading order, and labeling renders blind users' experience vastly inferior to that of sighted users.**

i)   *Lack of structural labeling impedes blind users' ability to use the Sharks + SAP Center App efficiently.* One way that screen-reader users navigate a page is by swiping through content that has been labeled as headings.  Just as sighted users rely on

formatted headings to skim a page to quickly locate desired content, screen-reader users rely on labeled heading levels.  The pages within the Sharks + SAP Center App frequently lack any heading level structure. This significantly impedes a blind users' ability to efficiently use the Sharks + SAP Center App in the same way that a sighted user can.  For instance, the Team page provides roster information for each player including number, name, position, height, weight, and age.  Plaintiffs would expect to be able to navigate this information without going through every text element by skipping through a heading for each player.  This would allow Plaintiffs to quickly find information on a given player.  As-is, Plaintiffs must physically swipe through each text item on the page because there is no heading structure (or grouping).

ii)    *Continuously populating lists and tables prevent efficient navigation.* On the Media page in the iOS App, media entries are provided in a continuously populating list.  Because there is no structure for navigating the page via VoiceOver, Plaintiffs have swiped through this list for a significant amount of time in an attempt to reach some other navigation content before realizing that they were not making any progress.

iii)    *Insufficiently sized touch targets on the iOS App prevent effective navigation.* Mobile applications on iOS frequently include a navigation panel at the bottom of the screen.  Since this feature is common across applications, screen-reader users may finger-hunt at the bottom of the screen within the typical touch-target zone for such navigation buttons. While the Sharks + SAP Center App does include such a navigation bar, the touch targets are so small that Plaintiff Salsiccia—an experienced VoiceOver user—found them by sheer luck after attempting many times unsuccessfully to locate such targets at the expected location on the screen.

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

iv)    *Lack of grouping makes elements incomprehensible.*  Throughout the Sharks + SAP Center App, text, images, buttons, and other elements are not grouped so that they are read in a comprehensible order.  Because screen readers read in the direction of the language the device is set to (e.g. in English a screen reader will read text and elements from left-to-right), vertically stacked information must be programmatically grouped so that it is read together.  For example, without grouping (and with incorrect labelling that leads to verbatim, duplicate reading and unnecessary content), ticket information on the iOS App's My Ticket page, shown in Figure 1[6], would be read by VoiceOver as "Sec Sec, Row Row, Seat Seat, 102 102, row caption value 5, seat caption value 14".  With proper grouping (and labeling), this content would be read as "Section 102, Row 5, Seat 14".

**Figure 1**



v)    *Unlabeled buttons cause great difficulty and uncertainty in navigating.*  In both the iOS and Android App, the "Back" button used to return to the previous page is frequently unlabeled.  Plaintiff Salsiccia discovered a troubling example within the iOS App's ticket management page. While a "back" button is present on the final confirmation page to allow the user to go back and change the price of the ticket, double check the seat number, etc, it is unlabeled and there is thus no indication to the screen-reader user what the button does.  Plaintiff Salsiccia was particularly concerned by this on the ticket-sale page, because pressing unknown buttons poses the prospect of confirming an unintended sale, and the only alternative is to close out the app entirely and start over if he wants to make any changes.  The uncertainty and frustration associated with selling tickets using the Sharks + SAP Center App is so great that Plaintiff Salsiccia sometimes is forced to resort to requesting the assistance of a sighted individual.

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

---

[6] *San Jose Sharks + SAP Center*, APP STORE PREVIEW, https://itunes.apple.com/us/app/san-jose-sharks-sap-center/id711570954?mt=8 (last visited Mar. 25, 2019).

vi)    *Incorrect reading order causes confusion.*  For instance, when answers from the chatbot are read by VoiceOver, the date and time are read at the end of the message and it is not clear whether this information is a timestamp for the chatbot answer.

vii)    *Pages open without a focus.* To provide context for new pages, applications should be programmed to include a focus such as a description of what the page is or what information it contains.  Many pages in the Sharks + SAP Center App lack such a focus, which leads to the screen-reader user not knowing that a new page has been opened and/or not knowing what content is on the page.

f)    **Functional labeling is frequently either entirely lacking or incomprehensible such that screen-reader users must guess how to interact with the Sharks + SAP Center App.**  Examples within the Sharks + SAP Center App include:

i)    In the Android App, the buttons to access the main menu and the ticket management feature are not read at all.  Swiping to these elements, a TalkBack user only hears silence.

ii)    To sell a ticket within the ticket management feature on the iOS App, the user must select which tickets they would like to sell by clicking a button under the ticket image.  These buttons are initially labeled "unchecked image" without any indication that the image also serves as a button that must be selected in order to sell the respective ticket.

iii)    The media entries on the Media page lack any indication that by clicking on an entry the user can access the full story, video, etc.

g)    **Incomprehensible labels leave screen-reader users to guess how to interact with the Sharks + SAP Center App.**  For instance, when using the chatbot, the "Send" button is read by VoiceOver as "Q-R-Y button" and in some cases the "Back" button is labeled as "stop button".  The ticket management page allows a user to send tickets to other people.  On this page, a sighted user would see text bubble above the "send" button that reads "Going with friends? Send them their ticket"; however, this content is read by VoiceOver as "Send help dialogue title", leading to confusion about what this function is.

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

h)    **Certain elements that are hidden from sighted users are not hidden from screen-reader users.**  These elements include buttons that are not visible to sighted users and non-functional images.  While it is clear to a sighted individual that these elements should not be read, via screen-reader they also lack labeling to provide any indication that they are not functional elements.

38.    These access barriers within the Sharks + SAP Center App deny Plaintiffs full and equal access to the application's and the SAP Center's benefits and services.

*Plaintiffs Have Made Many Attempts to Address the Inaccessibility of the San Jose Sharks + SAP Center Application Over the Years*

39.    In October 2016, Plaintiff Salsiccia sent a lengthy accessibility assessment to Arington Jordan, his Sharks season ticket representative at the time.  This correspondence notified the Sharks of accessibility barriers throughout the iOS San Jose Sharks application and explained Mr. Salsiccia's need for accessibility via screen reader.

40.    Mr. Salsiccia received no response, and the barriers remained unchanged despite the release of two updates to the application in December 2016 and March 2017.[7]

41.    Following the March 2017 update, Mr. Salsiccia notified the Sharks of the continuing inaccessibility in another email to Mr. Jordan.  Again, he received no response.

42.    In early 2018, after several more updates to the application,[8] Mr. Salsiccia opened communication with Director of Guest Services, Mike McCarroll, in another attempt to obtain the Sharks' commitment to make the Sharks + SAP Center App accessible within a reasonable timeline.  This too was unsuccessful.

43.    Finally, in late 2018 and early 2019, Named Plaintiffs attempted to resolve this matter with Defendant Sharks LLC without a lawsuit but were unable to obtain a commitment by Sharks LLC to remediate the demonstrated accessibility barriers in a timely manner and to implement procedures sufficient to maintain accessibility moving forward.

---

[7] *San Jose Sharks + SAP Center*, APP STORE PREVIEW, https://itunes.apple.com/us/app/san-jose-sharks-sap-center/id711570954?mt=8 (last visited Mar. 25, 2019) (follow "Version History" hyperlink).

[8] *Id.*

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

44.    As of this filing, the iOS App was last updated on September 6, 2018[9] and the Android App was last updated on September 7, 2018.[10]

## CLASS ALLEGATIONS

45.    Named Plaintiffs' experiences are examples of an ongoing, systemic pattern of discrimination against individuals who are blind.

46.    Pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, the Named Plaintiffs bring this action for injunctive and declaratory relief on their own behalf and on behalf of all putative class members.  Plaintiffs do not seek money damages on behalf of the class.

47.    The class that the Named Plaintiffs seek to represent is composed of all individuals who are blind and use the Sharks + SAP Center App or would use it if it was accessible to screen-reader users, including those who have been deterred from using the Sharks + SAP Center App because they are aware that it is inaccessible to screen-reader users.

48.    Each Named Plaintiff and member of the proposed class is a "qualified person with a disability" and/or person with "a disability" pursuant to federal and state anti-discrimination laws, as alleged herein.

49.    The persons in the class are so numerous that joinder of all such persons is impractical and the disposition of their claims in a class action is a benefit to the parties and to the Court.

50.    While the exact number of class members is unknown to Plaintiffs at this time, given that annual ticket sales to non-sporting events at the SAP Center surpassed 500,000 in 2018[11] and the Sharks' reported attendance at home games during the 2018-2019 NHL season is

---

[9] *Id.*

[10] *San Jose Sharks + SAP Center*, APPS ON GOOGLE PLAY, https://play.google.com/store/apps/details?id=com.nhl.gc1314.sjs&hl=en_US (last visited Mar. 25, 2019).

[11] From November 23, 2017 to November 21, 2018, the SAP Center sold over 500,000 tickets to non-sporting events.  Press Release, SAP Center at San Jose, SAP Center at San Jose Ranked as #1 Bay Area Venue, #12 in North America by *Pollstar Magazine* (Jan. 9, 2019), *available at* http://sanjoseca.gov/DocumentCenter/View/82216.

620,715[12], even using conservative estimates, the proposed class well exceeds the requirements for numerosity based on the U.S. Census Bureau's data estimating that 1.6% of the population of Alameda, San Francisco, San Mateo, and Santa Clara counties report vision difficulties.[13]

51.    There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented in that they are individuals who are blind and who have been harmed and excluded from Defendants' services through Defendants' discriminatory provision of a different, inferior service and benefit to individuals who are blind and use screen readers to access the Sharks + SAP Center App.

52.    Common questions of law and fact predominate, including questions raised by Plaintiffs' allegations that Defendants' inaccessible Sharks + SAP Center App violates state and federal anti-discrimination laws.

53.    The claims of the Named Plaintiffs are typical of the claims of the class as a whole. Named Plaintiffs have been and continue to be excluded from the City's and SJAA's programs, services, and activities because of the inaccessibility of the Sharks + SAP Center App. Named Plaintiffs have been and continue to be precluded from participation in the service that Sharks LLC provides to sighted individuals through the Sharks + SAP Center App.

54.    Additionally, the Named Plaintiffs are adequate class representatives. They seek the injunctive and declaratory relief on behalf of themselves and the class, and their interests are not antagonistic to, nor in conflict with, the interests of the class as a whole.

55.    The attorneys representing the class are experienced in disability law and in class action litigation. Plaintiffs' counsel is qualified to fully prosecute this litigation and possesses adequate resources to see this matter through to a resolution.

56.    Defendants have acted and/or failed to act on grounds generally applicable to the class as a whole, thereby making appropriate final declaratory and injunctive relief with respect to the class as a whole.

---

[12] *2018-2019 NHL Attendance*, ESPN, http://www.espn.com/nhl/attendance (last visited Mar. 25, 2019).

[13] U.S. Census Bureau, 2013-2017 American Community Survey 5-Year Estimates, *available at* https://factfinder.census.gov/faces/tableservices/jsf/pages/productview.xhtml?pid=ACS_17_5YR_S1810&prodType=table#none.

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

**FIRST CAUSE OF ACTION**
**ON BEHALF OF NAMED PLAINTIFFS AND ALL PROPOSED CLASS MEMBERS**

**Violation of Title III of the Americans with Disabilities Act by Sharks LLC**
**42 U.S.C. § 12182, *et seq.***

57.     Plaintiffs incorporate by reference the foregoing allegations as if set forth fully herein.

58.     Title III of the Americans with Disabilities Act ("Title III") and its implementing regulations entitle individuals with disabilities to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a).

59.     Named Plaintiffs and members of the proposed class are individuals who are blind, and thus were and are qualified individuals with disabilities within the meaning of the ADA. 42 U.S.C. § 12102.

60.     Sharks LLC is a private entity within the meaning of the ADA.  42 U.S.C. § 12181(6).

61.     At all times relevant to this action, Sharks LLC has operated the SAP Center.

62.     The SAP Center is a stadium, place of exhibition entertainment, auditorium, and/or place of public gathering and is therefore a place of public accommodation within the meaning of Title III. 42 U.S.C. § 12181(7)(C), (D).

63.     The Sharks + SAP Center App is a good, service, facility, privilege, advantage, or accommodation of Sharks LLC and the SAP Center.

64.     The Sharks + SAP Center App's features and functionalities also facilitate access to the goods and services of a place of public accommodation—SAP Center.

65.     The inaccessibility of the Sharks + SAP Center App impedes Named Plaintiffs' and proposed class members' access to the goods, services, facilities, privileges, advantages, or accommodations of Sharks LLC's arena, including but not limited to gaining admission by displaying a mobile ticket, ordering food and merchandise for pick-up inside the arena, participating in games inside the stadium, and upgrading tickets once inside the stadium on game day.

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

66.    By providing a mobile application that entirely precludes individuals who are blind from certain features, information, and functionalities because they use screen readers to interact with the Sharks + SAP Center App, Sharks LLC—either directly, or through contractual, licensing, or other arrangements—has and continues to deny individuals who are blind the opportunity to participate in or benefit from its goods, services, facilities, privileges, advantages, or accommodations on the basis of their disability in violation of Title III. 42 U.S.C. § 12182(b)(1)(A)(i); 28 C.F.R. § 36.202(a).

67.    By providing a mobile application that provides individuals who are blind an inferior opportunity to utilize certain features, information, and functionalities because they use screen readers to interact with the Sharks + SAP Center App, Sharks LLC—either directly, or through contractual, licensing, or other arrangements—has and continues to afford individuals who are blind an unequal opportunity to participate in or benefit from its goods, services, facilities, privileges, advantages, or accommodations on the basis of their disability in violation of Title III. 42 U.S.C. § 12182(b)(1)(A)(ii); 28 C.F.R. § 36.202(b).

68.    Sharks LLC has further discriminated against Plaintiffs in violation of Title III by failing to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, including screen readers.  42 U.S.C. § 12182(b)(2)(A)(iii); 36 C.F.R. § 36.303(a), (b)(2).

69.    Sharks LLC's conduct constitutes an ongoing and continuous violation of Title III, and unless restrained from doing so, Sharks LLC will continue to violate the ADA.  This conduct, unless enjoined, will continue to inflict injuries for which Named Plaintiffs and members of the proposed class have no adequate remedy at law.  Consequently, Named Plaintiffs and members of the proposed class are entitled to injunctive relief pursuant to section 308 of the ADA, 42 U.S.C. § 12188(a), as well as reasonable attorneys' fees and costs, 42 U.S.C. § 12205.

70.    WHEREFORE, Named Plaintiffs and members of the proposed class request relief as set forth below.

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

**SECOND CAUSE OF ACTION**
**ON BEHALF OF NAMED PLAINTIFFS AND ALL PROPOSED CLASS MEMBERS**

**Violation of Title II of the ADA by the City of San Jose and the San Jose Arena Authority**
**42 U.S.C. § 12132, *et seq.***

71.    Plaintiffs incorporate by reference the foregoing allegations as if set forth fully herein.

72.    Title II of the Americans with Disabilities Act ("Title II") and its implementing regulations prohibit public entities from denying qualified individuals with a disability, by reason of such disability, the benefits of their services, programs, or activities; from excluding individuals with a disability from participation in the benefits of their services, programs, or activities; and from subjecting individuals to discrimination.  42 U.S.C. §12132; 28 C.F.R. § 35.130(a).

73.    The City of San Jose is a local government and is therefore a public entity for the purpose of Title II. 42 U.S.C. § 12131(1)(A); 28 C.F.R. § 35.104.

74.    SJAA is a department, agency, or other instrumentality of the City, and is therefore a public entity for the purpose of Title II.  42 U.S.C. § 12131(1)(B); 28 C.F.R. § 35.104.

75.    Operation and administration of the SAP Center and Solar4America Ice is a program, service, and/or activity of the City and of SJAA, through which the City collects substantial revenue.

76.    The benefits of these programs, services, and/or activities are open to members of the public and do not require specific eligibility requirements.

77.    Named Plaintiffs and members of the proposed class are qualified individuals with disabilities within the meaning of Title II.  42 U.S.C. § 12131(2); 28 C.F.R. § 35.104.

78.    The City and SJAA have violated and continue to violate Title II by, directly or through contractual, licensing, or other arrangements, operating and administering their SAP Center and Solar4America Ice services, activities, or programs in such a way that individuals who are blind are afforded an inferior opportunity to participate in or benefit from these services, activities, or programs compared with other members of the public because they are precluded

1  from accessing all of the benefits provided through the Sharks + SAP Center App.  28 C.F.R.

2  § 35.130(b)(1)(ii).

3      79.    The City and SJAA have violated and continue to violate Title II by, directly or

4  through contractual, licensing, or other arrangements, operating and administering the SAP

5  Center and Solar4America Ice services, activities, or programs in such a way that they provide

6  inferior benefits to individuals who are blind than those provided to other members of the public.

7  28 C.F.R. § 35.130(b)(1)(iii).

8      80.    The City and SJAA have violated and continue to violate Title II by, directly or

9  through contractual, licensing, or other arrangements, aiding or perpetuating discrimination

10  against qualified individuals who are blind by providing significant assistance to Sharks LLC,

11  which is discriminating on the basis of disability in providing benefits or services to beneficiaries

12  of the public entities' SAP Center and Solar4America Ice programs, services, or activities. 28

13  C.F.R. § 35.130(b)(1)(v).

14      81.    The City and SJAA have violated and continue to violate Title II by, directly or

15  through contractual or other arrangements, utilizing methods of administration with regard to the

16  SAP Center and Solar4America Ice that have the effect of subjecting qualified individuals who

17  are blind to discrimination on the basis of disability.  28 C.F.R. § 35.130(b)(3)(i).

18      82.    The City and SJAA have violated and continue to violate Title II by failing to take

19  appropriate steps to ensure that communications with members of the public who are blind

20  regarding their SAP Center and Solar4America Ice services, programs, and activities are as

21  effective as communications with other members of the public, including by furnishing

22  appropriate auxiliary aids and services where necessary to afford an equal opportunity to

23  participate in and enjoy the benefits of, the services, programs, or activities.  28 C.F.R.

24  § 35.160(a)(1), § 35.160 (b)(1).

25      83.    Named Plaintiffs and members of the proposed class have no adequate remedy at

26  law and unless the relief requested herein is granted, Named Plaintiffs and members of the

27  proposed class will suffer irreparable harm in that they will continue to be discriminated against

28  and denied access to the City's and SJAA's programs, activites, and services. Consequently,

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1   Named Plaintiffs and members of the proposed class are entitled to injunctive relief pursuant to

2   section 308 of the ADA, 42 U.S.C. § 12188(a), as well as reasonable attorneys' fees and costs.

3   42 U.S.C. § 12205.

4       84.    WHEREFORE, Named Plaintiffs and members of the proposed class request

5   relief as set forth below.

6   **THIRD CAUSE OF ACTION**

**ON BEHALF OF NAMED PLAINTIFFS AND ALL PROPOSED CLASS MEMBERS**

7

8   *Violation of the Unruh Civil Rights Act by Sharks LLC, the City of San Jose, and the San Jose Arena Authority*

**California Civil Code § 51, *et seq.***

9

10       85.    Plaintiffs incorporate by reference the foregoing allegations as if set forth fully

11   herein.

12       86.    The California Unruh Civil Rights Act ("Unruh Act") provides that all persons in

13   California are free and equal, and no matter their disability, are entitled to full and equal

14   accommodations, advantages, facilities, privileges, or services in all business establishments of

15   every kind whatsoever. Cal. Civ. Code § 51(b).

16       87.    As persons who are blind, Named Plaintiffs and members of the proposed class

17   are persons with disabilities within the meaning of the Unruh Act. Cal. Civ. Code § 51(e)(1).

18       88.    Sharks LLC, the City, and SJAA are business establishments within the

19   jurisdiction of the state of California, and as such are obligated to comply with the provisions of

20   the Unruh Act. Cal. Civ. Code §51, *et seq.*

21       89.    Defendants have violated the Unruh Act by excluding individuals who are blind

22   from fully and equally enjoying their facilities and related services and programs.

23       90.    The Unruh Act also provides, *inter alia*, that a violation of the ADA shall also

24   constitute a violation of the Unruh Act. Cal. Civ. Code § 51(f).

25       91.    Sharks LLC's discriminatory conduct alleged herein includes, *inter alia*, the

26   violation of the rights of persons with disabilities set forth in Title III of the ADA and therefore

27   also violates the Unruh Act.

28

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

92.     The City's and SJAA's discriminatory conduct alleged herein includes, *inter alia*, the violation of the rights of persons with disabilities set forth in Title II of the ADA and therefore also violates the Unruh Act.

93.     Defendants' actions have violated and continue to violate the Unruh Act and therefore Named Plaintiffs and members of the proposed class are entitled to injunctive relief to remedy the discrimination, as well as reasonable attorneys' fees. Cal. Civ. Code §§ 52, 52.1(b), (h).

94.     WHEREFORE, Named Plaintiffs and members of the proposed class request relief as set forth below.

### FOURTH CAUSE OF ACTION
### ON BEHALF OF NAMED PLAINTIFFS INDIVIDUALLY

**Violation of the California Disabled Persons Act by Sharks LLC, the City of San Jose, and the San Jose Arena Authority**
**California Civil Code §§ 54 *et seq.***

95.     Named Plaintiffs incorporate by reference the foregoing allegations as if set forth fully herein.

96.     The California Disabled Persons Act, California Civil Code §§ 54, *et seq.*, ("CDPA") guarantees that "individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to all accommodations, advantages, and facilities," including "places of public accommodation, amusement, or resort, and other places to which the general public was invited."

97.     As persons who are blind, Named Plaintiffs are persons with disabilities within the meaning of the CDPA. Cal. Civ. Code § 54(b)(1).

98.     Sharks LLC owns, operates, maintains, and/or leases the San Jose Sharks + SAP Center mobile application for iOS and Android devices, which are places to which the general public is invited within the meaning of the Civil Code §§ 54.1-54.3.

99.     Sharks LLC is violating the right of Named Plaintiffs under the CDPA to full and equal access to these public places by failing to offer full and equal access to the Sharks + SAP Center App to people who are blind.

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

100.    Named Plaintiffs have been denied full and equal access to the Sharks + SAP Center App, have not been provided services that are provided to other members of the public who are not disabled, and/or have been provided services that are inferior to the services provided to non-disabled members of the public.  These violations are ongoing.

101.    Sharks LLC, the City, and SJAA own, operate, maintain, and/or lease the SAP Center and Solar4America Ice, which are places to which the general public is invited within the meaning of Civil Code §§ 54.1-54.3.

102.    Sharks LLC, the City, and SJAA are violating the CDPA by denying Named Plaintiffs full and equal access to the services and advantages provided to non-disabled members of the public at the SAP Center and Solar4America Ice.

103.    Named Plaintiffs cannot access Defendants' services available on the Sharks + SAP Center App or within the SAP Center and Solar4America due to the widespread barriers to accessing the Sharks + SAP Center App using a screen reader.

104.    Sharks LLC, the City, and SJAA are in violation of California Civil Code §§ 54, *et seq.* and therefore Plaintiffs are entitled to statutory damages and declaratory relief remedying the discrimination.

105.    Named Plaintiffs are entitled to statutory damages for each violation of the Disabled Persons Act pursuant to Civil Code § 54.3(a).

106.    Named Plaintiffs are also entitled to "attorney's fees as may be determined by the court" pursuant to Civil Code § 54.3(a).

107.    Named Plaintiffs make no claims under section 55 of the California Civil Code.

108.    WHEREFORE, Named Plaintiffs request relief as set forth below.

## FIFTH CAUSE OF ACTION
## ON BEHALF OF NAMED PLAINTIFFS AND ALL PROPOSED CLASS MEMBERS

### *Declaratory Relief*

109.    Plaintiffs incorporate by reference the foregoing allegations as if set forth fully herein.

1    110.    An actual controversy has arisen and now exists between the parties in that

2    Named Plaintiffs and members of the proposed class contend, are informed, and believe that

3    Sharks LLC denies that it is violating Title III of the ADA and related state laws by excluding

4    individuals who are blind from full and equal access to the Sharks + SAP Center App; and in that

5    Named Plaintiffs and members of the proposed class contend, are informed, and believe that the

6    City and SJAA deny that they are violating Title II of the ADA and related state laws by

7    operating their programs and services in such a way that individuals who are blind are excluded.

8    111.    A judicial declaration is necessary and appropriate at this time in order that each

9    of the parties may know their respective rights and duties and act accordingly.

10    112.    WHEREFORE, Named Plaintiffs and members of the proposed class request

11    relief as set forth below.

12    **REQUEST FOR RELIEF**

13    113.    WHEREFORE, Named Plaintiffs and members of the proposed class request

14    relief for Defendants' violations of Title II, Title III, and the Unruh Act as follows:

15    a)    An order certifying this case as a class action under Fed. R. Civ. P. 23(a);

16    and 23(b)(2) appointing Plaintiffs as class representatives, and their attorneys as class counsel.

17    b)    A declaration that Defendants' conduct as alleged herein has violated and

18    continues to violate the ADA and the Unruh Act.

19    c)    An order enjoining Defendants and their affiliates, subsidiaries,

20    employees, agents, and all other persons acting on their control from violating the ADA and the

21    Unruh Act.

22    d)    A permanent injunction pursuant to the ADA and related state laws

23    requiring Defendants to ensure that the Sharks + SAP Center App is made and maintained

24    accessible to individuals who are blind.

25    e)    An award of Plaintiffs' attorneys' fees and costs, as provided by statute.

26    f)    Such other and further relief as the Court deems just and proper.

27    114.    WHEREFORE, Named Plaintiffs request relief for Defendants' violations of the

28    California Disabled Persons Act as follows:

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1          a)      A declaration that Defendants' conduct as alleged herein has violated and

2    continues to violate the CDPA.

3          b)      An award of damages to Named Plaintiff Marco Salsiccia and Named

4    Plaintiff Scott Blanks to the extent provided by law.

5          c)      An award of Plaintiffs' attorneys' fees and costs, as provided by statute.

6    DATED: March 26, 2019                    Respectfully submitted,

7                                             DISABILITY RIGHTS ADVOCATES

8

9                                             Stuart Seaborn
                                              Meredith J. Weaver
10                                            Disability Rights Advocates
                                              2001 Center Street, Fourth Floor
11                                            Berkeley, California 94704-1204
                                              Telephone:(510) 665-8644
12                                            Facsimile: (510) 665-8511
                                              sseaborn@dralegal.org
13                                            mweaver@dralegal.org
                                              *Attorneys for Plaintiffs*

14

15                                            DocuSigned by:

16                                            *Marco Salsiccia*
                                              7EDF33EF2670466...

17                                            Marco Salsiccia, Plaintiff

18                                            DocuSigned by:

19                                            *Scott Blanks*
                                              E75E5C19D5B4483...

20                                            Scott Blanks, Plaintiff

21

22

23

24

25

26

27

28