**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MARCO SALSICCIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SHARKS SPORTS & ENTERTAINMENT, LLC, et al.,<br><br>Defendants. | Case No. 19-cv-01546-BLF<br><br>**ORDER DENYING MOTION FOR ADMINISTRATIVE RELIEF FROM GENERAL ORDER 56**<br><br>[RE: EFC 22] |

Plaintiffs, Marco Salsiccia and Scott Banks, two blind hockey fans, have sued Sharks Sports & Entertainment, LLC ("Sharks"), City of San Jose, and San Jose Arena Authority (collectively, "Defendants") alleging that the Sharks + SAP mobile application (the "App") is inaccessible to blind users, in violation of Americans with Disabilities Act ("ADA") and related California laws. *See* Compl., ECF 1. Plaintiffs brought this action on their own behalf and on behalf of all individuals who are blind and use the App or would use the App if it was accessible via the relevant assistive technology called "screen readers." *See id.* ¶ 47.

**I.  BACKGROUND**

Plaintiff, Mr. Salsiccia, first brought his concerns regarding the inaccessibility of the App to Defendant Sharks' attention in October 2016. Motion at 1, ECF 22. On July 5, 2018, Plaintiffs sent correspondence to Sharks and the City of San Jose regarding their allegations that the App is inaccessible and proposed that all parties engage in structured negotiations. *Id.* In October 2018, Sharks and Plaintiffs entered into a structured negotiations agreement with the hope of resolving

the dispute without the need for litigation. *Id.* In February 2019, Plaintiffs provided a demonstration of the alleged accessibility issues at an in-parson meeting with Sharks. *Id.* On March 26, 2019, five months after negotiations began, Plaintiffs filed this class action suit.

On May 27, 2019, Sharks and Plaintiffs stipulated to, and the Court granted, a 90-day stay of litigation to continue negotiations. ECF 15. During the stay, on June 20, 2019, Sharks and Plaintiffs met again in person and Plaintiffs had an opportunity to access an "alpha" version of an update to the App in order to assess the App's accessibility. Motion at 2; Weaver Declaration ¶ 11, ECF 22-1. While recognizing that "some improvement" was made, Plaintiffs identified some remaining accessibility issues with the App. Motion at 2. On July 17, 2019, Plaintiffs followed up with a written proposal of terms, to which Defendants did not respond. *Id.* The stay of litigation expired on August 30, 2019 and Defendants filed their answer on September 5, 2019. ECF 20.

## II. MOTION FOR RELIEF FROM GENERAL ORDER 56

Before the Court is Plaintiffs' Motion for Administrative Relief from General Order 56. Motion, ECF 22. Plaintiffs argue that "[t]he parties have fulfilled both of the key purposes of General Order 56—an early exchange of information regarding the ambit of the claimed violations and an early attempt at alternative dispute resolution." Motion at 2. According to Plaintiffs, Defendants are well-aware of the inaccessibility allegations due to the two in-person meetings attended by Plaintiffs and Sharks, which Plaintiffs call "the equivalent of joint inspections." *Id.* at 3. Additionally, Plaintiffs argue that "Defendants have had every opportunity to respond to [Plaintiffs'] proposed remedial steps but have not" and therefore "the goals of General Orders 56 have been more than satisfied." *Id.* Plaintiffs ask for relief from General Order 56 so discovery can begin immediately. *Id.* Plaintiffs also request a case management conference. *Id.* Alternatively, Plaintiffs ask the Court to adopt their proposed expedited case schedule. *Id.*

Defendants respond that they informed Plaintiffs that "no named Defendants have

2

unilateral control over the design, construction, software components, and release of the App and that numerous third parties are involved in the design, maintenance, and operation of the App." Opp'n at 2, ECF 23. Consequently, Sharks arranged meetings with the third parties, once on February 1, 2019 and again on June 20, 2019. *Id.* In Defendants' view, significant progress was made at the June 20, 2019 meeting, which led to Plaintiffs' proposed settlement agreement. Defendants argue that it is "premature and inappropriate for the parties to abandon the schedule of General Order 56" because (1) the 2018-2019 App was recently replaced on September 11, 2019 with the 2019-2020 App and thus, the App subject to Plaintiffs' complaint no longer exists and (2) mediation has not taken place. *Id.* at 3-4. Further, Defendants point out that "Defendants have voluntarily provided otherwise discoverable information and materials to Plaintiffs as requested and have opened the App up at private meetings for inspection and comment." *Id.* at 4.

### III. DISCUSSION

There is no dispute that this ADA case is governed by General Order No. 56, which was adopted in the Northern District of California "[t]o advance efficient and effective litigation of ADA cases and to address defendants' concerns about costs." *Hernandez v. Grullense*, No. 12-CV-03257-WHO, 2014 WL 1724356, at *2 (N.D. Cal. Apr. 30, 2014). "In cases subject to General Order No. 56, discovery and other litigation proceedings are stayed, and the parties must follow a detailed timeline for completing a joint inspection and for participating in a mediation process." *Johnson v. Starbucks Corp.*, No. 18-CV-01134-MEJ, 2018 WL 2938548, at *1 (N.D. Cal. June 12, 2018).

Plaintiffs' arguments in support of their request for relief from General Order 56 are not persuasive. Based on the parties' briefing, it seems to the Court that both sides have engaged in good-faith efforts to resolve the App's alleged inaccessibility issues set forth by Plaintiffs. Two in-person meetings have taken place, in which Plaintiffs have detailed their concerns and reviewed Defendants' modified and improved App. Motion at 2; 3. For their part, Defendants have

3

engaged the third-party developers of the App with the goal of resolving Plaintiffs' concerns. Opp'n at 2. However, the mobile application has now undergone an update, which was released recently on September 11, 2019 *after* the parties' in-person meetings. Therefore, a joint inspection of the most recent version of the App is yet to take place. The Court finds that the parties would benefit from another joint inspection, in which the current version of the App can be inspected and evaluated for its accessibility.

Moreover, no formal mediation has taken place. Although the parties have engaged in informal settlement discussions and negotiations, the Court agrees with Defendants that the parties would benefit from structured and supervised mediation process.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Administrative Relief from General Order 56 is DENIED. The new deadline for the parties to complete inspection pursuant to General Order 56 is set on **October 23, 2019**.

**IT IS SO ORDERED.**

Dated: September 24, 2019

_____
BETH LABSON FREEMAN
United States District Judge